**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SAMISH INDIAN NATION, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 02-1383L<br>(Chief Judge Edward J. Damich) |

Parties' Joint Status Report Pursuant to Court Order of October 25, 2005

Pursuant to this Court's Order of October 25, 2005, the parties respectfully submit this joint status report to provide the Court with their recommendations on proceedings in this case, including: 1) the issues remanded by the Federal Circuit; 2) whether either party plans on filing dispositive motions; 3) whether discovery is needed; and 4) the possibility of settlement.

The Court of Appeals for the Federal Circuit remanded this case "for further proceedings to determine whether the remaining statutes underlying the claim are money mandating." *Samish Indian Nation v. United States*, Slip Op. at 2 (Fed. Cir. Aug. 19. 2005). The "remaining statutes" to which the Court referred are those set out in Count II of the Plaintiff's First Amended Complaint (excluding the Snyder Act).

In light of the Federal Circuit's decision, the parties propose that the Plaintiff file an amended complaint that would eliminate claims that are no longer live, focus the remaining

claims in light of the Federal Circuit's decision in this case as well as the Circuit's recent rulings on money-mandating statutes, and provide greater specificity on the basis for the Plaintiff's claims that these remaining statutes are money-mandating. The Plaintiff would file its motion for leave to amend the complaint with the proposed amended complaint within 30 days of the Court's status conference – by January 9, 2005. Defendant would have 30 days to file an answer to the amended complaint.

Defendant intends to prepare a motion for judgment on the pleadings, on the basis that the statutes upon which Plaintiff's claim is based are not money-mandating. In short, Defendant's motion would argue that the statutes underlying Plaintiff's claim do not contain the requisite "specific rights-creating or duty-imposing statutory or regulatory prescriptions" required to make a duty money-mandating so as to establish a waiver of sovereign immunity. *See United States v. Navajo Nation*, 537 U.S. 488, 506 (2003). The statutes listed in Count II of Plaintiff's First Amended Complaint cannot fairly "be interpreted as mandating compensation for damages sustained as a result of a breach of duties [the governing law] impose[s]." *Id.* (citing *Mitchell II*, 463 U.S. at 219). Accordingly, Defendant will argue that the United States has not waived its sovereign immunity and, therefore, this Court lacks jurisdiction over Plaintiff's claim.

Although, in Plaintiff's view, this is not the place to brief the issue, Plaintiff believes that the statutes on which the Plaintiff bases its claims are money-mandating with regard to federally-recognized tribes, and that the federal government has so construed and implemented these statutes.

The Plaintiff proposes limited discovery for the purpose of demonstrating that, for particular Indian programs, the federal government provided funds to serve all federally-recognized tribes. The Plaintiff believes discovery is important for two reasons. First, it may serve as a basis for narrowing the claims at issue. Second, it would provide a basis to demonstrate that the federal government's own construction and implementation of the relevant statutes reflects that these statutes mandate the payment of money (in some amount) for all federally-recognized tribes. Given the complexity and unique nature of funding for federal Indian programs, such discovery is the most direct and effective way (and perhaps, as a practical matter, the only way), to establish this point. Plaintiffs seek 90 days to undertake this discovery.[1]

Defendant opposes discovery. In Defendant's view, the question of whether the statutes in Plaintiff's complaint are money-mandating is a matter of law and no discovery, therefore, is necessary. Because the question of whether a statute is money-mandating goes to the Court's jurisdiction, if discovery is necessary at all, it should be only after the parties have briefed the threshold issues in Defendant's motion for judgment on the pleadings. It is Defendant's position that a complete briefing and resolution of Defendant's anticipated motion for judgment on the pleadings will resolve the claim without the need for discovery. After the pleadings are joined, if Plaintiff seeks to pursue discovery on what are purely legal issues, Defendant would like the opportunity to file a motion to suspend discovery on grounds similar to the basis for a suspension of discovery pending resolution of a dispositive motion in International Graphics v. United

[1] Plaintiff at this point leaves open the question of whether, after a ruling is obtained on whether the statutes are money mandating, additional discovery will be necessary regarding the question of the amount of damages.

States, 3 Cl. Ct. 715, 718 (1983). There, the court held that allowing discovery which could only result in discovery of facts relevant to a trial on the merits, which might or might not take place, would impose an unjustifiable burden upon the defendant. Similar concerns for judicial economy have prompted other appellate courts to uphold the staying of discovery while dispositive motions are pending. Thus, in Wood v. McEwen, 644 F.2d 797, 801-02 (9th Cir. 1981), cert. denied, 455 U.S. 942 (1982), the court held that a protective order suspending discovery was properly granted where the legal sufficiency of plaintiff's complaint was challenged through a motion to dismiss under Fed. R. Civ. P. 12. See also B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979) (district court may properly deny discovery where it is convinced plaintiff will be unable to state a claim upon which relief may be granted). If after such a briefing, this Court should determine that discovery is necessary, however, Defendant does not object to Plaintiff's proposed discovery schedule.

Here again, Plaintiff believes that the submission of a joint status report is not the place to in which to advance legal argument or brief the question of whether discovery is appropriate. Plaintiff's position is that to the extent Defendant objects to discovery, the appropriate course for Defendant would be to raise its objections and its legal arguments in a motion and that the Court should not rule on that issue until such motion is filed and briefed.

If the Court permits discovery prior to consideration of dispositive motions, the parties propose that within 90 days following the close of discovery, the parties may file dispositive motions.

The parties believes that settlement discussions may be productive. The parties further would agree to the use of a mediator, through this Court's Alternative Dispute Resolution Program, to facilitate such discussions. The parties also propose that if ADR is pursued, the proceedings in this case be stayed during that process, with the parties filing periodic reports to the Court on the status of their efforts.

Dated: November 23, 2005

Respectfully submitted,

Craig J. Dorsay by Anne D. Noto

Craig J. Dorsay, Esq.
Attorney at Law By Anne D. Noto
2121 S.W. Broadway, Suite 100
Portland, Oregon 97201
Telephone: (503) 790-9060
Facsimile: (503) 242-9001

*Counsel of Record for Plaintiff*
*Samish Indian Nation*

Devon Lehman McCune by Anne D. Noto

Devon Lehman McCune,
United States Department of Justice
Natural Resources Section by Anne D. Noto as authorized
Post Office Box 663
Washington D.C. 20044-0663
Telephone:(202)305-0434

*Counsel of Record for Defendant*

Of Counsel to the Samish Indian Nation:

William R. Perry, Esq.
Anne D. Noto, Esq.
Sonosky, Chambers, Sachse, Endreson & Perry, LLP
1425 K Street, N.W. Suite 600
Washington, D.C. 20005
Telephone: (202) 682-0240
Facsimile: (202) 682-0249



76748.1