## UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SAMISH INDIAN NATION, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 02-1383L<br>(Chief Judge Edward J. Damich)<br><br>**PLAINTIFF SAMISH INDIAN NATION'S PROPOSED FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to RUSCFC 33 and 34, Plaintiff Samish Indian Nation serves the following First Set of Interrogatories and Request for Production of Documents on the Defendant United States of America. These Interrogatories and Requests for Production of Documents are served simultaneously with the Plaintiff Samish Indian Nation's First Set of Requests for Admission, and must be read and answered in connection with the Plaintiff's First Set of Requests for Admission.

## INSTRUCTIONS

1. These discovery requests are directed to the Defendant United States of America and cover all information in the Defendant's possession, custody, and control, including information in the possession of the said Defendant's agencies, departments, or other entities of any description, officers, employees, agents, servants, representatives, attorneys, or other persons directly or indirectly employed or retained by the Defendant, or anyone else acting on said Defendant's behalf or otherwise subject to said Defendant's control.

2. These discovery requests are continuous in nature; you must supplement your responses promptly if you obtain additional or different information or documents before trial of this action as required by Rule 26(e) of the Rules of the U.S. Court of Federal Claims.

3. The information requested is not privileged, is relevant to the subject matter of this action, and is reasonably calculated to lead to the discovery of admissible evidence. If information or production of any document is withheld on the ground that its production is privileged, then state separately for each matter or document for which a privilege is claimed: (1) the type of privilege claimed; (2) the legal basis for the claim of privilege; and (3) the substance

of the document or information for which the privilege is claimed. For any documents withheld on a claim of privilege, also state (1) the date of the document; (2) the nature of the document (e.g., letter); (3) the full name, job title and employer for each author of the document; (4) the full name, job title, and employer of each addressee and named recipient of the document; (5) the full name, job title, and employer of each person who to your knowledge who has seen the document.

4. If a document is not presently in your possession, custody, or control, identify in whose possession, custody, or control it may be found. If a document you have identified no longer exists, identify it and explain the circumstances of its loss or destruction. Where anything has been deleted from a document, specify the nature of the material deleted, the reason for the deletion, and identify the person responsible for the deletion.

6. Answers to these discovery requests should be produced to:

Craig J. Dorsay, Esq.
Attorney at Law
2121 S.W. Broadway, Suite 100
Portland, Oregon 97201

**DEFINITIONS**

Unless the context clearly indicates otherwise, the following terms and phrases will be defined and used herein as follows:

1. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2. "All," "any" and "each" shall be construed broadly, and shall mean each, any and all as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

3. "Complaint" refers to the Plaintiff's Second Amended Complaint in this action.

4. The terms "document" and "documents" are used in their broadest sense, and mean and include any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any electronic media, including computer readable media, tapes, tape recordings, videotapes, microfilm, microfiche, and all other writings, recordings and data compilations of every kind, however produced or reproduced, whether signed or unsigned. The terms "document" and "documents" include, but without limitation, originals and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether used or not. If the original of any document is not in your possession, custody or control, a copy of that document should be

produced.

5. The phrase "federally-recognized Tribe" means a Tribe that has been recognized or acknowledged by the United States as eligible for the special programs and services provided by the United States to Indians because of their status as Indians. The term federally-recognized Tribe, as used in this discovery shall not include tribes, villages, corporations or other groups of Native people located within the State of Alaska.

6. "Receive," when referring to federal funds or federal assistance, means that the federal assistance is either provided directly from the federal government to the Tribe, or expended by the federal government specifically for the benefit of the Tribe or its members.

7. The phrase "Request for Admission" refers to the Plaintiff Samish Indian Nation's First Set of Requests for Admission that are served on the United States simultaneously with the service of this First Set of Interrogatories and Request for Production of Documents

8. "TPA" means Tribal Priority Allocations as discussed in paragraph 30a of the Second Amended Complaint.

9. "Tribe," as used in these discovery requests shall include all tribes, bands, communities, rancherias, pueblos and the agencies or entities established by such Tribes, including Indian Housing Authorities. The term Tribe, as used in this discovery shall not include tribes, villages, corporations or other groups of Native people located within the State of Alaska.

10. "You" means the Defendant United States of America.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1. If your response to Request for Admission No 1 is a denial,

(a) Explain the reason for your denial;

(b) Produce copies of the lists by which the United States identified the Indian Tribes that were recognized by the United States as eligible to receive services provided by the United

States to Indians because of their status as Indians, in the years 1980, 1985, 1990, 1993 and 1996.

2 If your response to Request for Admission No. 2 is a denial, identify each federally-recognized Tribe that did not receive any federal funds or federal assistance at any time during the period 1969 though 1996 and state the reason why each such Tribe did not receive any such funds or assistance.

3. If your response to Request for Admission No. 3 is a denial, identify each federally-recognized Tribe that received no federal funds or federal assistance under the statutes listed in paragraph 30 of the Complaint following federal recognition though 1996, and state the reason why each such Tribe did not receive any such funds or assistance.

4. If your response to Request for Admission No. 4 is a denial, identify each federally-recognized Tribe that did not receive such funding and state the reason why each such Tribe did not receive such funding.

5. Produce copies of those documents that show, for each fiscal year from 1993 through 1996, how funds for the TPA program were allocated among the federally-recognized Tribes within the Portland Area Office of the Bureau of Indian Affairs.

6. (a) When the Bureau of Indian Affairs sought funding from Congress for the TPA program, did the agency ever inform Congress that the program would serve a group that is

narrower than all federally-recognized Tribes?

(b) If the answer to Interrogatory 6(a) is yes, provide copies of all documents relevant to your answer to that Interrogatory, including any documents presented to Congress.

7. If your response to Request for Admission No. 5 is a denial, identify the Housing Authority of each federally-recognized Tribe that was recognized as of 1980 and that requested but did not receive any financial assistance at any time following such request through 1996, and for each state the reason why the Housing Authority did not receive such financial assistance.

8. (a) When the Department of Housing and Urban Development sought funding from Congress for the programs that served Indians under the Housing Act of 1937, did the agency ever inform Congress that the program would serve a group of Tribes that is narrower than all federally-recognized Tribes?

(b) If your answer to Interrogatory No. 8(a) is yes, provide copies of all documents relevant to your answer to that Interrogatory, including any documents presented to Congress.

9. If your response to Request for Admission No. 6 is a denial, identify each federally-recognized Tribe that was excluded from IHS' allocation of funds, and the reason for such exclusion.

10. Produce copies of those documents that show, for fiscal years 1976, 1980, 1985, 1990, and 1995 how funds for direct and contract health care provided by the United States to Indians were allocated among the federally-recognized Tribes within the Puget Sound Service Area of the Indian Health Service.

11. (a) When the Indian Health Service of the Department of Health and Human Services (or its predecessor) sought funding from Congress for direct and contract health care for Indians, did the agency ever inform Congress that the program would serve a group that is narrower than all federally-recognized Tribes and members of federally-recognized Tribes?

(b) If the answer to Interrogatory No. 11(a) is yes, provide copies of all documents relevant to your answer to that Interrogatory, including any documents presented to Congress.

12. If your response to Request for Admission No. 7 is a denial, identify each federally-recognized Tribe that requested but did not receive any financial assistance at any time under the Low Income Home Energy Program (LIHEAP), and for each such Tribe, state the reason why the Tribe did not receive such financial assistance.

13. (a) When the Department of Health and Human Services sought funding from Congress for the LIHEAP program, did the agency ever inform Congress that the program would serve a group of Tribes that is narrower than all federally-recognized Tribes that requested participation in the program?

(b) If the answer to Interrogatory No. 13(a) is yes, provide copies of all documents relevant to your answer to that Interrogatory, including any documents presented to Congress.

14. If your response to Request for Admission No. 8 is a denial, identify each federally-recognized Tribe that requested but did not receive federal assistance under the Commodity Food Program described in paragraph 30.l of the Complaint, and for each such Tribe, the reason why the Tribe did not receive such assistance.

15. (a) When the Department of Agriculture sought funding from Congress for the Commodity Food Program, did the agency express to Congress that the program was to serve a group of Tribes that is narrower than all federally-recognized Tribes that requested participation in the program?

(b) If the answer to Interrogatory No. 15(a) is yes, provide all documents relevant to your answers to that Interrogatory, including any documents presented to Congress.

16. If your response to Request for Admission No. 9 is a denial, identify each federally-recognized Tribe that requested but did not receive financial assistance under one or both job training programs established by the Comprehensive Employment and Training Act of 1973 ("CETA"), and the Job Training Partnership Act ("JTPA"), described in paragraph 30.n. of the Complaint, and for each such Tribe, state the reason why the Tribe did not receive such financial assistance.

17. (a) When the Department of Labor sought funding from Congress for either the CETA or JTPA programs, did the agency ever inform Congress that the program would serve a group of Tribes that is narrower than all federally-recognized Tribes that requested participation in the program?

(b) If the answer to Interrogatory No. 17(a) is yes, provide all documents relevant to your answer to that Interrogatory, including any documents presented to Congress.

Respectfully submitted,

Dated: _______, 2006

Craig J. Dorsay, Esq.
Attorney at Law
2121 S.W. Broadway, Suite 100
Portland, Oregon 97201
Telephone: (503) 790-9060
Facsimile: (503) 242-9001
cdorsay@involved.com

*Counsel of Record for Plaintiff*
*Samish Indian Nation*

Of Counsel:
William R. Perry, Esq.
Anne D. Noto, Esq.
Sonosky, Chambers, Sachse, Endreson & Perry LLP
1425 K Street, N.W., Suite 600
Washington, D.C. 20005
Telephone: (202) 682-0240
Facsimile: (202) 682-0249
wperry@sonosky.com
anoto@sonosky.com