**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SAMISH INDIAN NATION, a federally recognized Indian tribe, | ) | Case No. 02-1383L |
| Plaintiff, | ) | (Chief Judge Edward J. Damich) |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

EXHIBIT 2 TO

PARTIES' JOINT STATUS REPORT

January 8, 2007

LAW OFFICES
**SONOSKY, CHAMBERS, SACHSE, ENDRESON & PERRY, LLP**
1425 K STREET, NW, SUITE 600
WASHINGTON, DC 20005
TEL (202) 682-0240 | FAX (202) 682-0249
WWW.SONOSKY.COM

MARVIN J. SONOSKY (1909-1997)
HARRY R. SACHSE
REID PEYTON CHAMBERS
WILLIAM R. PERRY
LLOYD BENTON MILLER
DOUGLAS B. L. ENDRESON
DONALD J. SIMON
MYRA M. MUNSON (AK)*
ANNE D. NOTO
MARY J. PAVEL
DAVID C. MIELKE
JAMES E. GLAZE
GARY F. BROWNELL (NM)*
COLIN C. HAMPSON
JAMES T. MEGGESTO
DOUGLAS W. WOLF

MARISSA K. FLANNERY (AK)*
MELANIE B. OSBORNE (AK)*
VANESSA L. RAY-HODGE
WILLIAM F. STEPHENS
ADDIE C. ROLNICK
JENNIFER J. THOMAS (CA)*
KATHERINE E. MORGAN (NE)*
ALEX CLEGHORN (CA)*

OF COUNSEL
ARTHUR LAZARUS, JR.
ROGER W. DUBROCK (AK)*
KAY E. MAASEN GOUWENS (AK)*
MATTHEW S. JAFFE
RICHARD D. MONKMAN (AK)*
AARON M. SCHUTT (AK)*

*NOT ADMITTED IN DC

November 13, 2006

By Email - Original by Mail

Devon Lehman McCune, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
1961 Stout Street, 8th Floor
Denver, CO 80294

Re: *Samish Indian Nation v. United States*, No. 02-1383 (Fed. Cl.)

Dear Ms. McCune:

We were disappointed to see the Government's response to Plaintiff's discovery requests. The purpose of these discovery requests was to try to narrow the issues in the case. The Government's responses and its interposition of numerous objections to every request are contrary to both the text and intent of the rules governing discovery and serve only to obfuscate rather than narrow the factual questions at issue at this phase of the case. In our view, the issues and the information sought by the discovery are neither complex nor confusing. The parties should be able to agree on certain fundamental facts and the production of certain basic records. We hope that this can be done by candid discussions with you and agency officials who are familiar with the programs that are the subject of the discovery.

In the interests of trying to resolve these issues, we address here the principal objections raised by the Government.

First, we were frankly surprised that, in response to requests for admission and interrogatories the Government repeatedly asserted that commonly understood words, such as

"some amount," "federal funds," "federal assistance," and "allocation," are "so vague and ambiguous" that Defendant cannot respond. Such an objection likewise has no merit when the request for admission specifically defined the term being used (*e.g.* "received"[1]). Courts have routinely rejected objections made on such grounds and admonished parties "to focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *U.S. ex rel Englund v. Los Angeles County*, 235 F.R.D. 675, 684, 685-86 (E.D. Cal. 2006); *see also Keh v. Americus-Sumter County Hospital Authority*, 2006 WL 1431531 (M.D.Ga. 2006). "The purpose of requests for admission under Rule 36 is to 'reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of the case to the trier of fact.'" *Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 44 (D.Conn. 2004) (citations omitted). "It is not ground for objection that the request is 'ambiguous' . . . Parties should 'admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.'" *U.S. ex rel Englund*, 235 F.R.D. at 685 (citations omitted). To the extent that the Government has a genuine basis for believing that a particular word or phrase is ambiguous, the Government has an obligation to seek to reach agreement on alternative language that resolves the claimed ambiguity and provides a substantive response. *See U.S. ex rel Englund*, 235 F.R.D. at 685.

Second, there is no merit to the Government's objection that the discovery seeks information that is not relevant to the case. While the Court of Appeals for the Federal Circuit held that the Snyder Act and Indian Self-Determination Act are not, standing alone, money mandating statutes, the claims in this case arise under many other statutes identified in paragraph 30 of the Second Amended Complaint. That the Government may rely on more than one statute to make federal funds available to federally-recognized tribes does not render irrelevant Plaintiff's request for information about the manner in which the Government administered these statutes. Further, the Government's objection that the Plaintiff has "misconstrued" the manner in which the agencies, like the Bureau of Indian Affairs or Indian Health Service, administer the funds appropriated to them, is simply a disagreement on the legal issues in the case. It is not grounds for refusing to respond to discovery requests that seek to determine the manner in which these agencies, in fact, administered the funds provided to them.

More fundamentally, the question of relevance has already been addressed by the Court. In its opinion and order of July 21, 2006, the Court – which had before it the specific discovery now at issue – specifically found that discovery about the manner in which the Government implemented all of these statutes to be relevant to determining whether the United States through "the responsible agencies . . . understood that they were required by statutes or regulations at

---

[1]Indeed, the General Accounting Office in testimony before Congress on the BIA's Distribution of Tribal Priority Allocations, used the term "received" in the same way as we defined that term in Plaintiff's discovery requests. *See BIA's Distribution of Tribal Priority Allocations*, GAO/T-RCED-98-168 at 1 n.1 (Apr. 21, 1998).

issue to pay at least some money to federally-recognized tribes." Opinion at 6. Indeed, the Court stated that discovery on these issues – focusing in particular on TPA – was "strongly 'relevant'" to Plaintiff's claims. *Id.* Given the Court's July 21 decision, Defendant is now obligated to provide substantive responses to those discovery requests and cannot object based on a claim of irrelevance.

Third, the Government cannot refuse to admit or deny a request for admission simply by a bare assertion that it has made a reasonable inquiry for the information and the information known is insufficient to allow it to admit or deny the request. The Government is required to describe what inquiry was in fact made. *See Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1246-47 (9th Cir. 1982); *A Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 254, 256 (C.D.Cal. 2006); *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 3191541 at *2 (N.D. Ill 2006)); *U.S. ex rel Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D. Cal. 2006); *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003). This should include the names and positions of the individuals from whom information was sought, the steps taken to search for and gather information to respond to the request, and the records reviewed in that process.

Fourth, the Government's objections that the discovery requests are "unduly burdensome and overly broad" are also without merit. These objections appear to be predicated on assertions that because the Government did not maintain records in one particular form (such as, for example, by individual tribe for TPA, or by reference to federally-recognized tribes for other programs), the Government cannot respond without reviewing every federal record relating to each such program for each federally-recognized tribe. It is unfathomable that the federal government allocated federal money to and for the benefit of tribes without ever preparing any summary reports or tables showing the allocations made. The Government's burdensomeness objections suggest that the Government may not have asked the right question of agency officials. But a party cannot claim burdensomeness and avoid looking for responsive information that may be readily available by describing the most complex and elaborate process possible for obtaining that information. We believe that if the Government intends to cooperate, with further discussion it should be possible to identify information that is responsive to Plaintiff's requests and which does not impose the burden that Defendant describes.

One thing that would go a long way would be to stipulate on certain basic facts. As an example, the parties should be able to stipulate that all federally-recognized tribes have been allocated some amount of TPA each year. We understand that the Government's legal position is that this is neither relevant nor sufficient under the money-mandating test, but that ultimate question is for the Court to decide. Resolution of these kinds of fact issues would reduce, if not eliminate, the need for discovery.

In short, the discovery requested does not raise the complex, ambiguous or burdensome inquiry contended by the Defendant. We are interested in talking with you about reasonable ways in which responsive information can be provided, and hope that our discussion on November 15 can start that process. If, however, the Government is unwilling to do this, we will have no alternative but to pursue the remedies available under the Rules.

Sincerely,

Craig Dorsay
William R, Perry
Anne D. Noto