| | | |
|---|---|---|
| Diskettes (3,500 @ $1.00) | =$3,500 | |
| Printing (50 Manuals @ $20) | =$1,000 | |
| Subtotal | $4,500 | $4,500 |
| | | $79,500 |
| F. Indirect Costs @ 12% (rate as established by previous Federal audit) | =$9,540 | $9,540 |
| Grand Total | $89,040 | $89,040 |

Note: Cost of training sessions is being funded by other than Federal Government sources.

[FR Doc. 96-8589 Filed 4-8-96; 8:45 am]

BILLING CODE 4310-55-M

## Bureau of Indian Affairs

[K00360-9 5/35420]

### Final Determination for Federal Acknowledgment of the Samish Tribal Organization as an Indian Tribe

AGENCY: Bureau of Indian Affairs, Interior.

ACTION: Notice of final determination.

SUMMARY: This determination is made pursuant to the acknowledgment regulations, 25 CFR Part 83, that became effective October 2, 1978. All citations are to those regulations unless otherwise stated.

Pursuant to 25 CFR § 83.9(h), notice is hereby given that the Assistant Secretary—Indian Affairs has determined that the Samish Tribal Organization (STO) exists as an Indian tribe within the meaning of Federal law.

This notice is based on a determination that the Samish Tribal Organization meets all of the seven mandatory criteria for acknowledgment set forth in 25 CFR § 83.7 and, therefore, meets the requirements necessary for a government-to-government relationship with the United States.

DATES: This determination is final and will become effective 60 days after the date on which this notice appears in the Federal Register unless the Secretary of the Interior requests a reconsideration by the Assistant Secretary—Indian Affairs pursuant to 25 CFR § 83.10(a)-(c).

FOR FURTHER INFORMATION CONTACT: Office of the Assistant Secretary—Indian Affairs, (202) 208-7163.

SUPPLEMENTARY INFORMATION: This notice is published in the exercise of authority delegated by the Secretary of the Interior to the Assistant Secretary—Indian Affairs (ASIA) by 209 DM 8.

This determination is made under the acknowledgment regulations, 25 CFR Part 83, which became effective in 1978. All citations are to those 1978 regulations. Revised acknowledgment regulations became effective March 28, 1994 (59 FR 9280). Petitioners under active consideration at the time the revised regulations became effective on March 28, 1994, were given the option to be considered under the revised regulations or the previous regulations. The Samish Tribal Organization requested in writing to be considered under the 1978 regulations.

A final determination to decline to acknowledge the Samish Tribal Organization as a tribe was published in the Federal Register on February 5, 1987 (52 FR 3709). The Secretary declined a request for reconsideration and the determination became effective May 6, 1987. In 1992 in *Greene* versus *United States*, the court declined to consider whether the STO had treaty fishing rights. However, the court vacated the 1987 determination on the grounds that a formal hearing had not been given to the petitioner on the question of its tribal status in connection with the eligibility of its members for Federal programs. The court ordered that a new hearing be held which conformed to the requirements of the Administrative Procedures Act. The Assistant Secretary's determination does not include a determination of the nature or extent of the rights, if any, of the STO or its members to fish pursuant to any treaty.

Under instructions from the court and agreements between the parties, proceedings before an Administrative Law Judge (ALJ) of the Department of Interior's Office of Hearings and Appeals began in 1992. A formal hearing before the ALJ was held in Seattle, Washington, from August 22 to August 30, 1994. The court's instructions required the ALJ to make a recommended decision to the Assistant Secretary—Indian Affairs on whether the STO should be acknowledged to exist as an Indian tribe.

The ALJ signed a recommended decision to acknowledge the Samish Tribal Organization on August 31, 1995. This recommended decision was forwarded through the Director, Office of Hearings and Appeals, and received by the Assistant Secretary on September 11, 1995. Under the procedures established by the court, the parties and *amici curiae* had 30 days from the receipt of the decision by the ASIA, or until October 11, 1995, to submit comments to the ASIA on the ALJ's recommended decision. The procedures also provided that the ASIA would issue a final determination within 30 days of receipt of comments.

Comments opposing acknowledgment were received from the Swinomish Tribal Community, the Tulalip Tribes Inc., and the Upper Skagit Tribe. Comments were received from the STO urging the approval of the recommended decision, commenting on the implementation process and suggesting remedial actions to the STO deemed necessary. The chairperson of STO by memorandum of September 15 requested a meeting with the ASIA on September 27 to discuss formal recognition and to begin the budget and natural resources process. The requested meeting with the ASIA was not held, although the former tribal chairman did speak with the ASIA briefly at a conference at the end of October. Comments were also provided to the ASIA by the Bureau of Indian Affairs, which did not participate in the deliberations on this decision.

The Assistant Secretary has determined to acknowledge the existence of the STO as an Indian tribe. The reasoning underlying her determination incorporates some of the ALJ's findings and rejects other findings. The determination incorporates additional findings based on the administrative record, including materials presented in the hearing, in order to document in the final determination that the STO satisfied mandatory criteria that the ALJ's decision did not specifically address.

In the 1987 determination, vacated by the court, the STO was found to meet the criteria in §§ 83.7 (d), (f) and (g). Both parties to the 1992 proceedings accepted that those criteria were met by the Samish Tribal Organization. No evidence or arguments were submitted sufficient to refute the proposed finding that the Samish Tribal Organization met criteria d, f, and g. Consequently, they were not at issue in the proceedings before the ALJ. We find for purposes of this decision that the Samish Tribal Organization meets the criteria in

**EXHIBIT 3**
In Support of Plaintiff's Opposition to Motion to Dismiss on TPA & IHS
Samish v. U.S., No. 02-1383L

§§ 83.7 (d), (f) and (g) of the 1978 acknowledgment regulations.

We find that the Samish Tribal Organization has been continuously identified throughout history as Indian or aboriginal, has existed as a distinct community since first sustained European contact, has maintained political influence within itself as an autonomous entity and that 80 percent of its members are descendants of the historical Samish tribe or families which became incorporated into that tribe. We conclude, therefore, that the Samish Tribal Organization has met the mandatory criteria for acknowledgment in 25 CFR 83.7, including specifically, the requirements of the criteria in §§ 83.7 (a) through (c) and 83.7(e) of the 1978 acknowledgment regulations. This determination is based on the membership list used for the 1987 administrative decision under 25 CFR Part 83. This list will become the base membership roll of the STO, subject to verification that the individuals on it consent to be listed as members.

The courts have made it clear that the issue of what treaty rights the STO may have, if any, are not an issue on remand to the Department. Therefore, we make no determination as to what rights, if any, the STO or its members may have pursuant to any treaty.

The Joint Status Report filed in July 1992 by the parties to *Greene* v. *Lujan* provided:

The decision of the Assistant Secretary shall be final agency action for the Department of the Interior, unless the Secretary of the Interior determines within 30 days that is [sic] should be reconsidered in accordance with 25 CFR Part 83, in which case the Secretary shall state the basis for this decision and establish the procedures and timetable to be followed on reconsideration.

At the hearing on the Joint Status Report, the court found that:

The government and the Samish also agree that the Assistant Secretary's decision should constitute final agency action unless the Secretary of the Interior determines within 30 days that the decision should be reconsidered.

Although the amicus argues otherwise, I will order that what the Samish and the government have agreed to will be the order of this Court and it is so ordered.

Two tribes have requested that the Secretary direct the Assistant Secretary to reconsider her decision. The Upper Skagit Indian Tribe by letter of January 3, 1996, requested that the ASIA's decision to acknowledge the STO be reversed and the matter returned to the ALJ for a full hearing on the question of the Upper Skagit Indian Tribe's successorship to the Nuwha'ha. The Swinomish Tribal Community by letter of January 5, 1996, requested that the Secretary direct reconsideration of the ASIA's decision to recognize the Samish Tribe. The Swinomish Tribal Community had been denied the right to participate before the ALJ as a party but had been granted *amicus curiae* status. Under the 1978 regulations, the Secretary can for any reason request the ASIA to reconsider and the Secretary shall make such a request in certain circumstances. *See* 25 CFR 83.10.

The Secretary is considering whether he has authority to direct the Assistant Secretary to reconsider and, if he has that authority, whether he should direct her to reconsider. The question of the Secretary's authority arises from an ambiguity in the Joint Status Report which states that the decision of the Assistant Secretary shall be final agency action but also indicated that *reconsideration will be done in* accordance with 25 CFR Part 83. There is also an ambiguity with regard to the time within which the Secretary must act since the time for action under Part 83 is 30 days from the date of publication of the notice in the Federal Register and the Joint Status Report simply states the decision will be made within 30 days.

In accordance with §§ 83.9 and 83.10 of the 1978 regulations, this determination will in any event become effective in 60 days from its publication in the Federal Register unless the Secretary of the Interior requests that the Assistant Secretary-Indian Affairs reconsider her decision.

The Samish Tribal Organization has not requested administrative reconsideration of the Assistant Secretary's determination to acknowledge its existence as an Indian tribe. However, STO has filed suit seeking to require a reinstatement verbatim of the ALJ's recommended decision and findings of fact.

The Director, Portland Area Office, Bureau of Indian Affairs, is instructed to verify the membership list and to develop with the tribe a plan and budget for the implementation of the ASIA's decision and the provision of services to the members of the Samish Tribal Organization.

Dated: March 29, 1996.

Ada E. Deer,

*Assistant Secretary—Indian Affairs.*

[FR Doc. 96-8636 Filed 4-8-96; 8:45 am]

BILLING CODE 4310-02-M

## Bureau of Land Management

[AK-962-1410-00-P]

### Notice for Publication, AA-77255; Alaska Native Claims Selection

In accordance with Departmental regulation 43 CFR 2650.7(d), notice is hereby given that a decision to issue conveyance under the provisions of Sec. 19(b) of the Alaska Land Status Technical Corrections Act of October 14, 1992, 106 Stat. 2112, and Sec. 14(h)(5) of the Alaska Native Claims Settlement Act of December 18, 1971, 43 U.S.C. 1601, 1613(h)(5), will be issued to Calvin John Justin for approximately 160 acres. The lands involved are located within Sec. 18, T. 7 N., R. 14 E., Copper River Meridian, in the vicinity of Nabesna Bar, Alaska.

A notice of the decision will be published once a week, for four (4) consecutive weeks, in the Anchorage Daily News. Copies of the decision may be obtained by contacting the Alaska State Office of the Bureau of Land Management, 222 West Seventh Avenue, #13, Anchorage, Alaska 99513-7599 ((907) 271-5960).

Any party claiming a property interest which is adversely affected by the decision, an agency of the Federal government or regional corporation, shall have until May 9, 1996, to file an appeal. However, parties receiving service by certified mail shall have 30 days from the date of receipt to file an appeal. Appeals must be filed in the Bureau of Land Management at the address identified above, where the requirements for filing an appeal may be obtained. Parties who do not file an appeal in accordance with the requirements of 43 CFR Part 4, Subpart E, shall be deemed to have waived their rights.

Gary L. Cunningham,

*Land Law Examiner, ANCSA Adjudication Team, Branch of Gulf Rim Adjudication.*

[FR Doc. 96-8611 Filed 4-8-96; 8:45 am]

BILLING CODE 4310-JA-P

[AK-962-1410-00-P]

### Notice for Publication, AA-11157; Alaska Native Claims Selection

In accordance with Departmental regulation 43 CFR 2650.7(d), notice is hereby given that a decision approving lands for conveyance under the provisions of Sec. 14(h)(2) of the Alaska Native Claims Settlement Act of December 18, 1971, 43 U.S.C. 1601, 1613(h)(2), will be issued to Tanalian, Inc. for 79.98 acres. The lands involved are in the vicinity of Port Alsworth.