FROM :SAMISH FAX NO. :3602933486 Jan. 16 2003 11:12AM P2
p.2

FILED LODGED ENTERED RECEIVED

NOV 01 1996

CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF WASHINGTON DEPUTY BY

**UNITED STATES DISTRICT COURT**
**Western District of Washington**

**JUDGMENT IN A CIVIL CASE**

**MARGARET GREENE, et al.**

v. CASE NUMBER: **C89-645Z**

**BRUCE BABBITT, et al.**

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT

(1) The Court enters judgment in favor of the plaintiff, and holds that the Department of Interior violated the Fifth Amendment due process clause and § 553 of the Administrative Procedure Act [5 U.S.C. § 553], in connection with the acknowledgement process of the Samish Tribal Organization as an Indian tribe pursuant to 25 C.F.R. Part 83.

(2) The Court enters judgment confirming that the Samish Tribal Organization exists as an Indian tribe within the meaning of federal law.

(3) The following three findings of Administrative Law Judge David Torbett, originally entered on August 31, 1995 but later rejected by Assistant Secretary Deer, are reinstated:

1. Part of the Noowhaha tribe merged with the Samish (*see* ALJ Recommended Decision at 22; Final

AO 72 (Rev 8/82)

**EXHIBIT 4**
In Support of Plaintiff's Opposition to Motion to Dismiss on TPA & IHS
Samish v. U.S., No. 02-1383L

Determination dated November 8, 1995, at 12-13, 32).

2. Many of the Samish families that settled on the Swinomish Indian Reservation did not relinquish their Samish affiliation (see Final Determination at 35, and references to record contained therein).

3. The Department of Interior could not adequately explain why the Samish had been omitted from a list of federally recognized tribes prepared during the 1970s (see ALJ Findings 1-3; Final Determination at 16, 38-39).

(4) Counsel Scott Keep is prohibited from taking any further action in connection with this case or participating in any further proceedings involving the Samish Tribe.

(5) Plaintiff is entitled to its taxable costs against the defendants.

BRUCE RIFKIN, Clerk

November 1, 1996
Date

By Casey Condon
Casey Condon
Deputy Clerk

AO 72
(Rev 8/82)