**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SAMISH INDIAN NATION, a federally recognized Tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant. | ) | Case No. 02-1383L<br>Chief Judge Edward J. Damich |

**UNITED STATES' RESPONSE TO SAMISH INDIAN NATION'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF**

The United States submits this brief in response to the Samish Indian Nation's Motion for Leave to File a Supplemental Brief (hereinafter, "Motion"), filed June 13, 2007.

While the United States does not specifically oppose Plaintiff's Motion, the United States takes issue with several statements Plaintiff makes in its Motion and its Supplemental Brief, attached to the Motion. First, the United States contests Plaintiff's statement that "the government failed to provide full responses to the Tribe's discovery requests." The United States' discovery responses were complete to the best of its ability, and, notably, when given the opportunity by this Court, Plaintiff failed to file a motion to compel.

In addition, in its Supplemental Brief, Plaintiff states repeatedly that the United States failed to challenge Plaintiff's factual statements and, thus, the statements must be accepted as true. As stated in the United States Reply Brief in Support of Its Motion to Dismiss, the United States in fact does contest many of Plaintiff's stated facts. *See United States' Corrected Reply Brief in Supp. of its Motion to Dismiss Regarding Tribal Priority Allocations and Indian Health Service Funding* ("*Reply Br.*") at 2 n.1. However, the matter before the Court is a motion to

dismiss on a jurisdictional issue: whether the statutes and regulations before the Court are reasonably amenable to a damages remedy. The statutes and regulations at issue in the Motion to Dismiss are not reasonably amenable, and Plaintiff's factual issues are not relevant to the Motion to Dismiss. Thus, the United States did not raise those issues in significant detail. In fact, the Reply Brief does address some of Plaintiff's factual contentions. For example, the Reply Brief emphasizes that any funds provided directly to tribes from IHS are provided pursuant to the Indian Self Determination and Education Assistance Act ("ISDA"), not the Indian Health Care Improvement Act ("IHCIA"). Reply Br. at 15. Likewise, the United States challenged Plaintiff's contention that the agencies interpreted the controlling statutes and regulations as money-mandating. *See, e.g., id.* at 11–13.

Finally, Plaintiff claims that the United States failed to address the various statutes underlying the TPA and IHS as an interconnected whole. On the contrary, the United States' Reply Brief addressed Plaintiff's argument and demonstrated that because this case does not deal with trust assets or responsibility, the *Mitchell v. United States* line of cases does not apply. Reply Br. at 19–20.

Respectfully submitted this 2nd day of July, 2007.

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Devon Lehman McCune*
DEVON LEHMAN McCUNE,
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
1961 Stout St.
Denver, CO 80294
303-844-1487
303-844-1350 (fax)
devon.mccune@usdoj.gov

Of Counsel:
Jason Roberts
U.S. Department of the Interior
Office of the Solicitor
Washington, D.C.

Melissa A. Jamison
U.S. Department of Health and Human Services
Office of General Counsel
Indian Health Service
Rockville, MD