UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SAMISH INDIAN NATION, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 02-1383L<br>(Judge Margaret M. Sweeney) |

Samish Indian Nation's Response to Defendant's Motion to Stay Briefing

The Samish Indian Nation opposes Defendant's motion to stay the briefing schedule set by this Court's order of December 18, 2007 until after the Federal Circuit rules on the United States' petition for rehearing of the decision in *Navajo Nation v. United States*, 501 F.3d 1327 (Fed. Cir. 2007).

1. Defendant's motion is incongruous. Although Defendant, in its motion, expresses its view that the Federal Circuit's decision in *Navajo* is not relevant to the *Samish* case, (Motion at para. 4), Defendant nevertheless ties the proceedings in *Samish* to those in *Navajo* by its request that briefing in this case be stayed until after the Circuit rules on the government's petition for rehearing in *Navajo*. The parties should not, in the context of a motion for stay, address the relevance of *Navajo* to the issues in this case, but should address that issue in the supplemental briefs sought by this Court.

2. As will be addressed more fully in the Tribe's supplemental brief, the facts of the *Navajo* case are distinct from the present case, and the result reached in that case is marginally relevant to Samish's lawsuit. The Samish Tribe filed this action in 2002, and the Federal Circuit issued its decision rejecting the government's contention that the claims were time-barred in *Samish Indian Nation v. United States*, 419 F.3d 1355 (Fed. Cir. 2005) on August 19, 2005 and the mandate issued on October 11th of that year. *See* Docket # 28. The United States renewed its Motion to Dismiss on March 22, 2006. Docket # 39. Close to two years later, the Samish Tribe has yet to have a hearing or decision on its claims for relief, and the United States now proposes further delay. The Samish Tribe has a right to have its claims considered in timely fashion.

3. Defendant's motion also suffers from the lack of any limiting principle and would result in an unnecessary delay of the proceedings in this case. If, for example, the Federal Circuit were to grant the petition for rehearing and schedule the *Navajo* case for re-argument, or call for additional briefs, is the *Samish* case to be stayed until after all those proceedings are concluded? If one of the parties to *Navajo* thereafter files a petition for certiorari, would the *Samish* case be stayed pending disposition of any proceedings before Supreme Court? Again, answers to these questions turn on the very information sought by this Court in the December 18 order – namely the parties' views on the relevance of the Circuit's decision in *Navajo* to the issues in this case.

4. The better course is to proceed with the filing of supplemental briefs as provided by this Court's order. In those briefs, the parties can address not only their views regarding the

relevance of the Circuit's *Navajo* decision to the issues in this case, but also the implications of any pending petition for rehearing.

Wherefore, the Plaintiff respectfully submits that Defendant's motion should be denied.

Respectfully submitted,

Dated: January 15, 2008

Craig J. Dorsay
Craig J. Dorsay, Esq. By Anne D Noto
Attorney at Law
Anne D. Noto
2121 S.W. Broadway, Suite 100
Portland, Oregon 97201
Tel: (503) 790-9060; Fax: (503) 242-9001
craig@dorsayindianlaw.com

*Counsel of Record for Plaintiff*
*Samish Indian Nation*

Of Counsel:

William R. Perry, Esq.
Anne D. Noto, Esq.
Sonosky, Chambers, Sachse, Endreson & Perry, LLP
1425 K Street, N.W., Suite 600
Washington, D.C. 20005
Tel: (202) 682-0240; Fax: (202) 682-0249
wperry@sonosky.com; anoto@sonosky.com