**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| SAMISH INDIAN NATION, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 02-1383L<br>(Judge Margaret M. Sweeney) |

Parties' Joint Status Report

Pursuant to this Court's Order of May 27, 2008, the parties respectfully submit this joint status report to provide their suggestions on further proceedings in this case.

**Plaintiff's Position**

The Tribe proposes that the Court enter a final judgment, pursuant to Court of Federal Claims Rule 54(b), on the claims that were resolved by the Court's Opinion and Order of May 27, 2008 so that the Tribe may appeal that decision to the Court of Appeals for the Federal Circuit. The Tribe further proposes that proceedings regarding the Tribe's remaining claims be stayed pending a ruling from the Court of Appeals.

This approach would be the most efficient means for resolving all of the claims in the case. In January 2007, when disputes arose regarding the Tribe's request for discovery, the Tribe requested that the Court bifurcate proceedings on the motion to dismiss so that the claims regarding TPA and IHS funding would be addressed first as the Tribe was in a position to

proceed on those claims without additional discovery and because the TPA and IHS programs are the two major programs at issue in the Tribe's case. In the Tribe's view, the TPA and IHS programs were severable from the other claims raised in the complaint and served as appropriate test cases for addressing the principal legal issues raised by the Defendant's motion to dismiss. The Court agreed and, by order of April 3, 2007, directed that the parties brief those portions of the motion to dismiss which addressed TPA and IHS funding and certain "overarching legal arguments" raised by the Defendant as those related to the TPA and IHS programs.

The Tribe's other claims arise under a number of different statutes and regulations from those considered in connection with the TPA and IHS claims. They also involve significantly less funding than that provided under either the TPA and IHS programs. If proceedings were to resume on the Government's motion to dismiss those other statutes and programs, the Tribe may need to resume the limited discovery allowed by the Court (including the possible filing of a motion to compel if discovery disputes could not be resolved), and then proceed with briefing the motion to dismiss. Given past experience in this case, as well as Defendant's current position, the Tribe anticipates that the Defendant will again resist the Tribe's limited discovery and the parties will be pulled into a protracted and frustrating discovery battle before the Tribe is able to respond to the Government's motion on the remaining claims. This will involve a very substantial amount of work for claims that are of considerably less value than those at issue for the TPA and IHS programs.

The entry of a Rule 54(b) judgment on the Tribe's claims related to the TPA and IHS programs so that the Tribe may now appeal that judgment is the most efficient way to proceed. The claims regarding the TPA and IHS programs involve the most money and are the most well-

developed factually. The Court, in its April 3, 2007 order already determined that the TPA and IHS claims were severable for purposes of adjudicating the motion to dismiss, and the same would be true for purposes of appellate review. A decision from the Court of Appeals on the Tribe's claims arising under these two programs will resolve discrete claims involving TPA and IHS funding, while also setting out the legal standards and framework for evaluating the remainder of the Tribe's claims and, as such, may well obviate the need for further proceedings on the remainder of the claims.

As set out below, Defendant disagrees. While a status report is not the place for briefing the merits of the Rule 54(b) issue, in the Tribe's view, the Court's dismissal of the Tribe's TPA and IHS funding claims satisfy the test for entry of judgment under Rule 54(b). The TPA and IHS claims are factually and legally distinct from the remaining claims in the case. At the same time, entry of judgment on those claims now would serve both "judicial administrative interests as well as the equities involved"[1] by allowing the Court of Appeals to address the appropriate legal standard applicable to evaluating the Court's jurisdiction over all of the Tribe's claims.

Given Defendant's disagreement on the applicability of Rule 54(b) here, the Tribe respectfully requests that the Court allow the Tribe to file a motion in support of the Tribe's request for entry of a Rule 54(b) judgment on the TPA and IHS program claims that were dismissed by the Court's Opinion and Order of May 27, 2008, and the appropriateness of a stay of the proceedings in this case while the Tribe pursues an appeal. The Tribe proposes to file such

---

[1] *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980); *see also Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001) ("Even for claims that arose out of the same transaction or occurrence, sound case management may warrant entry of partial final judgment" especially if such "would avoid an unnecessary and lengthy trial of complex issues.")

a motion within 14 days of the Court's entry of a scheduling order, with Defendant's response due 14 days after service of the motion, and the Tribe's reply due 7 days afer service of the response. *See* RCFC 7.2

**Defendant's Position**

Defendant does not support the entry of final judgment, pursuant to Court of Federal Claims Rule 54(b), of Plaintiff's first cause of action with respect to the TPA system and IHS funding, at this time. Rather, Defendant believes that completing the briefing regarding Defendant's jurisdictional challenge will lead to the most efficient resolution of this case.

First, Defendant does not believe that an immediate appeal is the most efficient way to advance this litigation. Significant overlap exists in the issues that have been adjudicated in this matter and the unadjudicated issues. Once all Plaintiff's claims have been ruled upon, Plaintiff can determine if it believes an appeal is an appropriate course of action. Moreover, the Federal Circuit Court of Appeals could then consider Plaintiff's interrelated claims in a single unit. At this point in the litigation, an appeal would only lead to further piecemealing of this case.

Second, it is unclear whether the standards set forth in RCFC 54(b) are met in this matter. The Court's Order of May 27, 2008 "consider[ed] whether it has jurisdiction over [P]laintiff's first cause of action with respect to the TPA system and IHS funding." Ct's Order, 6. Orders that resolve parts of a claim or individual issues within or pertaining to a claim do not meet RCFC 54(b)'s requirement for complete disposition of a separate claim. *Houston Industries, Inc. v. United States*, 78 F.3d 564, 567 (Fed. Cir. 1996); *Osage Tribe of Indians of Oklahoma v. United States*, 263 Fed. Appx. 43 (Fed. Cir. 2007). Indeed, the claims that remain in this case include the portions of Plaintiff's first claim for relief, which are not based upon the TPA system

and IHS funding and Plaintiff's second claim for relief. In addition, there is no hardship or injustice in this matter that would be alleviated by immediate appeal. *Klamath Irr. Dist. v. United States*, 69 Fed. Cl. 160, 164 (Fed. Cl. 2005)

Furthermore, Defendant believes that Plaintiff's remaining claims can be resolved in an efficient and timely manner. The Court's Order of May 27, 2008 provides a legal framework for the remainder of the case. This Order further establishes that additional discovery will not be beneficial. The Court's Order thoroughly analyzed the network concept and identified the critical factors that must be examined in regard to such claims:

> In each of these cases, the courts found (1) express statutory and regulatory language supporting the existence of a fiduciary relationship . . . and (2) such elaborate or comprehensive government control over Indian property as to constitute a common-law trust.

Ct's Order, 16 (internally citing *White Mountain Apache Tribe*, 537 U.S. 465, 474-76 & n.3 (2003); *United States v. Mitchell*, 463 U.S. 206, 224-25 (1983); *Navajo Nation v. United States*, 501 F.3d 1327, 1341-45 (Fed. Cir. 2007)). Plaintiff's remaining claims can clearly be examined pursuant to this framework without the need for additional discovery.[2] The question of whether express statutory and regulatory language supporting the existence of a fiduciary relationship is present is a matter of law that can be decided upon the pleadings. Further, "[P]laintiff concedes that this case does not involve trust property." Ct.'s Order, 18.

Accordingly, it is clear that the parties can resume briefing the remaining issues in this

[2] "Plaintiff [did] not contend that any of the statutes that comprise the TPA system or concern IHS funding are individually money-mandating." Ct.'s Order, 9 n.10 (citations omitted). If Plaintiff were to argue that any of the statutes underlying its remaining claims were individually money-mandating, such an argument would be a question of law that could be decided without further discovery.

case without additional delay. In keeping with this goal, Defendant believes that it would be beneficial to file a streamlined Renewed Motion to Dismiss regarding Plaintiff's remaining claims. Such a pleading would allow Defendant to eliminate briefing regarding claims upon which the Court has already ruled. The pleading also would reflect the legal framework set forth in the Court's Order of May 27, 2008. Defendant believes that permitting briefing regarding a more targeted Renewed Motion to Dismiss would conserve both judicial resources and the resources of all the parties. Accordingly, Defendant proposes that the following briefing schedule be adopted:

> Defendant's Renewed Motion to Dismiss is to be filed forty-five days after the entry of a scheduling order;
>
> Plaintiff's Response to Defendant's Renewed Motion to Dismiss is to be filed forty-five days after the filing of Defendant's Renewed Motion to Dismiss;
>
> Defendant's Reply is to be filed thirty days after the filing of Plaintiff's Response to Defendant's Renewed Motion to Dismiss.

Dated: June 23, 2008

Respectfully submitted

*/s/ Craig J. Dorsay*

Craig J. Dorsay, Esq.
Attorney at Law
1 S.W. Columbia, Suite 440
Portland, Oregon 97258
Telephone: (503) 790-9060
Facsimile: (503) 790-9068

*Counsel of Record for Plaintiff Samish Indian Nation*

*/s/ Sara E. Costello*

Sara E. Costello
Devon Lehman McCune
United States Department of Justice
Trial Attorney
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0466
Facsimile: (202) 305-0267

*Counsel of Record for Defendant*

Of Counsel to the Samish Indian Nation:

William R. Perry, Esq.
Anne D. Noto, Esq.
Sonosky, Chambers, Sachse, Endreson & Perry, LLP
1425 K Street, N.W., Suite 600
Washington, D.C. 20005
Telephone: (202) 682-0240
Facsimile: (202) 682-0249