**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SAMISH INDIAN NATION, a federally recognized Indian tribe, | ) | Case No. 02-1383L |
| | ) | (Judge Margaret M. Sweeney) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Samish Indian Nation's Motion for Entry of Final Judgment Pursuant to RCFC 54(b) on the Court's Order of May 27, 2008

The Samish Indian Nation respectfully moves, under RCFC 54(b), for entry of a final judgment on this Court's Order of May 27, 2008. That Order involves two separate and independent claims – the claim regarding TPA, and the claim regarding IHS. In this Court, those claims were litigated separately from the remaining claims in the case because litigating these two claims as test cases presented the least burdensome, and most efficient, way to proceed. This Court's May 27, 2008 Order disposed of the TPA claim and the IHS claim in their entirety, and there is nothing further to be done with regard to these claims. There is no question that the requisite finality exists with respect to these claims.

The issue, then, under Rule 54(b), is whether there is a "just reason for delay" in appealing this Court's May 27, 2008 Order. The Tribe seeks to appeal this Court's dismissal of the TPA claim and its IHS claim now to find out whether the fundamental proposition the Tribe has advanced in this litigation is viable. The Tribe's underlying legal theory for all of its claims

is that Congress provided federal funding for the benefit of every federally recognized tribe and Congress did not authorize the government to single out one Tribe and, with impunity, deny funding to that Tribe. Since Congress intended every tribe to benefit, the statutory networks that provide TPA and IHS funding are money-mandating for purposes of a damages claim by a tribe that was omitted, without any rational basis, from sharing in the benefits of such funds. While this Court rejected the Tribe's legal theory as applied to the Tribe's TPA and IHS claims, the Tribe is entitled to the opportunity to address this matter in the Court of Appeals.

The government, however, seeks to delay an appeal. Based on the conduct of the litigation so far, such a delay would be a significant burden to the Tribe. The government has made it clear, in both its handling of the TPA claim and the IHS claim, and in its recent pleadings, that it will not cooperate with discovery by the Tribe regarding the government's manner of implementing the statutes at issue on the remaining claims in this case. This means that, absent an appeal now, the Tribe would be forced once again to fight the government for limited discovery, and then retain the Tribe's own experts to provide the facts that the government should have provided with respect to agency implementation of each statutory scheme at issue in each of the remaining claims. All of this would not further assist this Court in addressing the principle the Tribe is seeking to advance in all of these claims. Nor would this bring the parties to a prompt resolution of the underlying legal principle by the Court of Appeals.

The better course, we submit, is to conserve the resources of the parties and this Court until after the Court of Appeals rules on the test cases presented by the TPA claim and the IHS claim. For the same reasons that this Court permitted the TPA claim and the IHS claim to be litigated separately, appeal now, pursuant to Rule 54(b), should be permitted.

## Argument

Rule 54(b) provides, in pertinent part, that:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

RCFC 54(b). Entry of a final judgment under Rule 54(b) is appropriate where two elements have been met. First, there must be a "final judgment" meaning "a decision upon a cognizable claim for relief" which is "'final' in the sense that it is 'an ultimate disposition'" of that claim. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Second, taking "into account judicial administrative interests as well as the equities involved," the Court, in its discretion, finds that there is no "just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. These elements of the rule are fully satisfied here.

1. The Court's May 27 decision is a final disposition of two distinct claims.

The Court's May 27 decision dismissing for lack of jurisdiction the Tribe's TPA claim and its IHS claim fully disposed of two separate claims for relief. The TPA claim, described in paragraph 30.a of the Second Amended Complaint (Docket No. 36), involves a specifically budgeted and appropriated category of Bureau of Indian Affairs funds that Congress provided for the benefit of all federally-recognized Indian tribes. (Samish, of course, was wrongfully denied those funds by arbitrary agency action). The IHS claim, separately described in paragraph 30.d of the Second Amended Complaint, involves another separate and independent federal program for the benefit of every federally-recognized tribe. As stated in the Second Amended Complaint

and shown in more detail in the Tribe's Opposition to the United States' Motion to Dismiss at 7-23 (Docket No. 60), the TPA claim and the IHS claim are each based on a separate statutory framework, with separate legislative histories, administered by different federal agencies. Likewise, those two claims differ from each of the remaining twelve claims identified in the Second Amended Complaint – as each of the other claims is also governed by a unique set of statutes and regulations, has its own legislative history, and has been, in large part, administered by different federal agencies. *See* Second Amended Complaint at ¶¶ 30.b, 30.c, 30.e through 30.n (Housing, Job Training, WIC, Community Block Grants, Food Stamps, etc). Because of these differences, the Tribe's claim for damages for denial of TPA funds (and the Court's jurisdiction to hear that claim) turns on factors that are separate from those applicable to its claim for damages for denial of IHS funds, and both, in turn, differ from claims for denial of funding for each of the other programs identified in the complaint.

Further, a right to recover damages for TPA would not duplicate the damages available for the IHS claim, and neither of these would duplicate the damages available under each of the twelve other remaining statutory schemes. Where, as here, causes of action depend on different elements, and recovery under one does not duplicate or preclude recovery under the others, the claims are separate for purposes of Rule 54(b). *See Sears, Roebuck*, 351 U.S. at 430-31, 436 (dismissal of antitrust claim was properly certified for appeal under Rule 54(b) even though common law tortious interference with contract and unfair competition claims which were based on some of the same underlying facts remained pending; each "certainly can be decided independently of each other."); *see also Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 697, 699 (Fed. Cir. 2001) (affirming decision to certify under Rule 54(b) a judgment dismissing an

antitrust claim even though there remained for trial several contract and tort claims arising from the same occurrence).[1]

This Court's orders governing the proceedings in this case to date confirm that the TPA and IHS claims are distinct from each other and from the remaining claims, and therefore are the proper subject for entry of final judgement under Rule 54(b). When the government disputed even the most basic allegation in that complaint – that all federally-recognized tribes in fact benefitted from the funds provided – the Court allowed the Tribe limited discovery regarding the government agencies' respective practices in implementing those programs. Opinion and Order of May 27, 2008 at 3-4 (quoting Opinion and Order of July 21, 2006 at 7-9). In January 2007, in response to the government's lack of cooperation regarding the Tribe's request for discovery, the Tribe requested that the Court bifurcate proceedings on the motion to dismiss so that the TPA and IHS claims would be addressed first. The Tribe made this request because the TPA and IHS claims constitute the two major programs at issue in the Tribe's case, involve the largest source of funds, and the Tribe, although it should not have been necessary, was willing to bear the expense of retaining experts who could speak to the administrative practice in implementing

---

[1] *See also Curtiss-Wright*, 446 U.S. at 9 (presence of an unresolved counterclaim, whether compulsory or permissive, does not preclude the entry of a Rule 54(b) judgment on the claim); *W.L. Gore & Assocs. v. Int'l Med. Prosthetics Research Assocs., Inc*., 975 F.2d 858, 863 (Fed. Cir. 1992) (Rule 54(b) final judgment properly entered on dismissal of plaintiff's claim for patent infringement even though court had not yet resolved defendant's antitrust counterclaim; rejecting conclusory assertions of factual overlap between the adjudicated and unadjudicated claims); *Samaad v. City of Dallas*, 940 F.2d 925, 932 (5th Cir. 1991) (equal protection and takings claims through arising from the same core facts were separate claims for purposes of Rule 54(b) since they depend on the violation of separate constitutional rights and the grounds for recovery were not mutually exclusive); *Stearns v. Consol. Mgmt.*, 747 F.2d 1105, 1108-09 (7th Cir. 1984) (claims under ADEA were separate from those under Title VII of Civil Rights Act for purposes of Rule 54(b) as a separate recovery was available under each).

those two programs. Accordingly, the Tribe was willing to proceed on those claims without additional controversy regarding discovery. Moreover, the Tribe recognized that the TPA claim and IHS claim were severable from the other claims raised in the complaint, and would serve as appropriate test cases for addressing the principal legal issues raised by the Defendant's motion to dismiss.

The Court agreed with the Tribe's view that the TPA and IHS claims could be severed from the remainder for purposes of adjudicating the motion to dismiss. By Order of April 3, 2007, the Court directed that the parties brief those portions of the motion to dismiss which addressed "'the two major programs involved in this case'– TPA . . . and IHS funding" and certain "overarching legal arguments" raised by the Defendant as those legal arguments related to the TPA and IHS claims. Opinion and Order of May 27, 2008 at 4 (quoting Order of April 3, 2007). As the Court, in its April 3, 2007 Order, already determined that the TPA and IHS claims were severable for purposes of adjudicating the motion to dismiss, the same is true for purposes of entering a final judgment on those claims to allow for appellate review. Indeed, the Court of Federal Claims has used Rule 54(b) to enter partial final judgments on test cases that adjudicate some, but not all of the claims in a given case. *See Air Land Forwarders, Inc. v. United States*, 38 Fed. Cl. 547, 561-62 (1997), *aff'd on other grounds*, 172 F.3d 1338 (Fed.Cir. 1999); *see also Consolidation Coal Co. v. United States*, 75 Fed. Cl. 537 (2007) (entering final judgment on claims of test plaintiff to allow appellate review on liability issues where discovery as to other plaintiffs' claims had stalled), *rev'd on other grounds*, __F.3d. __, 2008 WL 2357325 (Fed. Cir.

2008).[2]

In sum, this Court's opinion of May 27 finally disposes of the Tribe's TPA and IHS claims, and leaves nothing further for this Court to do regarding these two claims but "'execute the judgment.'" *W.L. Gore & Assocs. v. Int'l Med. Prosthetics Research Assocs., Inc*., 975 F.2d 858, 863 (Fed. Cir 1992) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). The TPA and IHS claims on which a final judgment would be entered are "separable from the claims that survive," so that the Court of Appeals "will not have to decide the same issues more than once if there are subsequent appeals." *Air Land Forwarders*, 38 Fed. Cl. at 562. Once the Court of Appeals issues an opinion on whether the statutory framework for the TPA claim and that for the IHS claim are money-mandating, it will not be called upon to revisit those questions in any later appeal. The first element for application of Rule 54(a) is clearly met here.

---

[2] The cases on which Defendant relies to make its contrary argument (Joint Status Report of June 23, 2008 at 4), have no application here. In those cases the Court considered Rule 54(b) where the claims arose under a single statutory scheme. In *Houston Industries, Inc. v. United States*, 78 F.3d 564, 567 (Fed. Cir. 1996), the Court of Appeals held that for purposes of tax claims, "each tax year 'is the origin of a new liability and of a separate cause of action'" which precluded a Rule 54(b) judgment on one of a number of issues related to a claim for a tax refund in any given year. (citations omitted). And in *Osage Tribe of Indians of Oklahoma v. United States*, 263 Fed. Appx. 43 (Fed. Cir. 2008) (unpublished), the Court of Appeals found that a decision that the government was in breach of trust on a subset of tribal oil and gas leases for five scattered months within a 14 year period, did not dispose of a separate "claim for relief." The Court of Appeals pointed out that there was no showing that the matters resolved were factually and legally distinct from the unadjudicated oil and gas leases. Here, in contrast, the Court's May 27 Order results in the complete dismissal of two separate claims, the TPA and IHS claims, each of which arises under entirely different statutory schemes, which are, in turn completely different from the statutory schemes at issue in the unadjudicated claims. Nothing further is to be done on either the TPA or IHS claims, and no proceedings on the claims relating to the remaining statutes and programs will affect or alter this Court's ruling on the TPA and IHS claims.

2. Judicial economy and the equities compel the entry of a final judgment on the Court's May 27 Order.

The entry of a Rule 54(b) judgment on the Court's May 27 Order dismissing the Tribe's TPA claim and its IHS claim so that the Tribe may now appeal that judgment is the most efficient and fair way to proceed and there is no just reason for delay. The TPA and IHS claims arise under statutes that are unique to each of those two programs. They involve the most money and are now fully developed factually. The Tribe's other claims each arise under different statutes and regulations and involve significantly less funding than that at issue in either the TPA or the IHS claims. If proceedings were to resume on the government's motion to dismiss those other statutes and programs, we would be returning to the contentious discovery process that took place earlier in this litigation. Given the government's current position – that no discovery is appropriate (Joint Status Report at 5) – it is clear that the parties would be required to re-brief the Tribe's right to limited discovery. And given the government's past resistence to the Tribe's prior discovery requests, it is also likely that the controversy over discovery will be protracted. Further, if the Tribe is unable to obtain information through discovery, the Tribe would likely find it necessary – as it did with the TPA and IHS claims – to retain experts to address the government's practice in administering the other programs. All of this will involve a substantial amount of time by the parties and the Court for claims that are of considerably less value than those at issue in the TPA and IHS claims and which might well be wholly unnecessary if the legal framework set out by the Court in its May 27 decision is affirmed by the Court of Appeals.[3]

---

[3] Defendant's contrary view on the efficiencies and equities (*see* Joint Status Report at 5), is without merit. Defendant takes the position that "the Court's Order of May 27, 2008 provides a legal framework for the remainder of the case" and "establishes that additional discovery will (continued...)

The Court, in its April 3, 2007 Order already determined that the TPA claim and the IHS claim were severable for purposes of adjudicating the motion to dismiss, and the same would be true for purposes of appellate review. A decision from the Court of Appeals on the Tribe's TPA and IHS claims will resolve two separate and discrete claims – one involving TPA and the other involving IHS – while also setting out the legal standards and framework for evaluating the remainder of the Tribe's claims and, as such, may well obviate the need for further proceedings on the remaining claims. Since an appellate decision on the TPA and IHS claims may "facilitate a settlement of the remainder of the claims,"[4] and avoid otherwise unnecessary litigation on those remaining claims,[5] entry of final judgment on the Court's May 27 Order dismissing the TPA and IHS claims under Rule 54(b) is appropriate here.

## Conclusion

For the foregoing reasons, the Tribe respectfully requests that the Court enter a final judgment, pursuant to Rule 54(b), on the Court's Order of May 27, 2008 dismissing the Tribe's

[3](...continued)
not be beneficial." *Id*. But this view fails to take into account that until the Court of Appeals decides whether the legal framework established by the Court's May 27 decision is correct, it may be incumbent on the Tribe to make a record and present argument on the statutory framework, congressional intent and agency implementation of the remaining claims so that if this Court's decision is reversed on appeal, the Tribe has established a basis for showing jurisdiction over the remaining claims.

[4] *See Curtiss-Wright*, 446 U.S. at 8 n.2; *see also Air Land Forwarders*, 38 Fed. Cl. at 561-62.

[5] *See Intergraph*, 253 F.3d at 699.

TPA claim and its IHS claim.

Dated: July 11, 2008

Respectfully submitted,

*/s/ Craig J. Dorsay*

Craig J. Dorsay, Esq.
Attorney at Law
1 S.W. Columbia, Suite 440
Portland, Oregon 97258
Telephone: (503) 790-9060
Facsimile: (503) 790-9068
craig@dorsayindianlaw.com

*Counsel of Record for Plaintiff*
*Samish Indian Nation*

Of Counsel to the Samish Indian Nation:

William R. Perry, Esq.
Anne D. Noto, Esq.
Sonosky, Chambers, Sachse, Endreson & Perry, LLP
1425 K Street, N.W., Suite 600
Washington, D.C. 20005
Telephone: (202) 682-0240, Facsimile: (202) 682-0249
wperry@sonosky.com, anoto@sonosky.com

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SAMISH INDIAN NATION, a federally recognized Indian tribe, | ) | Case No. 02-1383L |
| Plaintiff, | ) | (Judge Margaret M. Sweeney) |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

[Proposed]
Order Entering a Final Judgment Pursuant to RCFC 54(b)

By Opinion and Order of May 27, 2008, this Court granted Defendant's Motion to Dismiss in part and dismissed for lack of jurisdiction two of the Plaintiff's claims for relief – the TPA (Tribal Priority Allocation) claim set out in paragraph 30.a of Plaintiff's Second Amended Complaint, and the IHS (Indian Health Service) claim set out in paragraph 30.d of Plaintiff's Second Amended Complaint. Plaintiff has now moved, pursuant to RCFC 54(b), for the entry of a final judgment with respect to these two claims.

Upon consideration of the Plaintiff's motion, Defendant's response, and the record of the proceedings in this case, the Court finds that this Court's Order of May 27, 2008 fully and completely disposed of two separate claims (the TPA claim and the IHS claim), and there is no just reason for delay of entry of a final judgment dismissing these two claims.

**IT IS THEREFORE HEREBY ORDERED** pursuant to RCFC 54(b) and this Court's Order of May 27, 2008, that final judgment shall be entered dismissing the Plaintiff's TPA claim and its IHS claim.

Dated:

_________________________
Margaret M. Sweeney
Judge



95755.1