IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SAMISH INDIAN NATION, a federally recognized Indian tribe, | ) | Case No. 02-1383L (Judge Margaret M. Sweeney) |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ON THE COURT'S ORDER OF MAY 27, 2008**

## TABLE OF CONTENTS

Background Synopsis . . . . . . . . . . 2

Standard . . . . . . . . . . 3

Argument . . . . . . . . . . 3

A. The Court's Order of May 27, 2008 Does Not Completely Dispose of Separate, Individual Claims . . . . . . . . . . 4

B. If Final Judgment is Entered Pursuant to RCFC 54(b), There Will be Substantial Risk of Inefficient Piecemeal Appeals . . . . . . . . . . 7

C. Plaintiff's Allegations Regarding Discovery Do Not Preclude the Adjudication of the Remaining Interrelated Claims . . . . . . . . . . 9

Conclusion . . . . . . . . . . 12

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Adams v. United States*,
51 Fed. Cl. 57 (Fed. Cl. 2001) . . . . . . . . . . 7

*Curtis v. Wright Corp. v. General Elec. Corp.*,
446 U.S. 1 (1980) . . . . . . . . . . 4, 7

*Ebrahimi v. City of Huntsville Board of Education*,
14 F.3d 162 (11th Cir. 1997) . . . . . . . . . . 7

*Houston Industries, Inc. v. United States*,
78 F.3d 564 (Fed. Cir. 1996) . . . . . . . . . . 4, 7

*Indiana Harbor Belt R. Co. v. American Cyanamid Co.*,
860 F.2d 1441 (7th Cir. 1988) . . . . . . . . . . 4

*Klamath Irr. Dist. v. United States*,
69 Fed. Cl. 160 (Fed. Cl. 2005) . . . . . . . . . . 3, 8, 9

*Marriott PLP Corp. v. Tuschman*,
904 F.Supp. 461(D. Md. 1995) . . . . . . . . . . 8

*Oklahoma Turnpike Authority v. Bruner*,
259 F. 3d 1236 (10th Cir. 2001) . . . . . . . . . . 4, 5, 7

*Osage Tribe of Indians of Oklahoma v. United States*,
263 Fed. Appx. 43 (Fed. Cir. 2007) . . . . . . . . . . 4

### FEDERAL RULES

RCFC 12(b)(1) . . . . . . . . . . 2

RCFC 54(b) . . . . . . . . . . *passim*

### OTHER AUTHORITIES

James Wm. Moore et al., Moore's Federal Practice (3d ed. 2007) . . . . . . . . . . 3, 7

## Introduction

The United States, Defendant, submits this brief in response to the Samish Indian Nation Plaintiff's Motion for Entry of Final Judgment on the Court's Order of May 27, 2008 ("Motion"), filed July 11, 2008, pursuant to RCFC 54(b) of the Rules of the United States Court of Federal Claims. Defendant opposes Plaintiff's Motion regarding the Court's Order, which dismissed a portion of Plaintiff's first cause of action with respect to the Tribal Priority Allocations ("TPA") system and the Indian Health Service ("IHS").

While the Court's Order disposed of these portions of Plaintiff's first cause of action, it did not address the remainder of Plaintiff's first cause of action or its second cause of action. The remainder of this matter shares a host of characteristics with Plaintiff's allegations regarding TPA and IHS. It also faces similar jurisdictional challenges by Defendant. Plaintiff's Motion should be rejected, because the Court's Order does not completely dispose of separate, individual claims. In addition, if final judgment is entered pursuant to RCFC 54(b), there will be substantial risk of inefficient piecemeal appeals.

## Background Synopsis

In this matter, Plaintiff alleges that Defendant wrongfully failed to acknowledge it as an Indian tribe from 1969 to 1996, and as a result, denied it and its members certain rights, programs, services and benefits during that time period. *See* Pl.'s Sec. Am. Compl. ¶¶ 1-2. Accordingly, Plaintiff raised a multitude of statutes and regulations under which various federal agencies provide programs and services to federally-recognized Indian tribes and their members, claiming that those statutes and regulations entitle it to money damages for its inability to

participate in such programs and services from 1969 to 1996.

On March 22, 2006, Defendant filed a RCFC 12(b)(1) Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety on the basis that the statutes and regulations it raised are not money mandating and that this Court, therefore, lacks jurisdiction over the claims. The Plaintiff responded with a discovery request. The Court granted limited discovery, particularly emphasizing the TPA system and also allowing discovery from IHS. Defendant answered the discovery requests on October 19, 2006, and November 1, 2006. Plaintiff disputed Defendant's production, and the parties could not resolve the dispute. Following a status conference and supplemental briefing of the matter, the Court issued an April 3, 2007, Order requiring Plaintiff to respond to the "Defendant's motion to dismiss regarding 'the two major programs involved in this case' – TPA. . . and IHS . . . funding." The briefing that followed did not address the numerous statutes and regulations asserted by Plaintiff against other government agencies or programs, nor did it encompass all of the issues raised in Defendant's Motion to Dismiss.

Following the completion of briefing on Defendant's Motion to Dismiss, as outlined above, the Court "grant[ed] in part [D]efendant's motion to dismiss and dismiss[ed] plaintiff's first claim for relief with respect to the TPA system and the IHS funding process." Ct's Order of May 27, 2008, 19. Now, Plaintiff seeks entry of a final judgment pursuant to RCFC 54(b) in regard to the Court's Order.

**Standard**

RCFC 54(b) provides that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the

> court may direct entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of a judgment adjudicating all the claims and the rights and liabilities of all the parties.

Courts "may not invoke Rule 54(b) casually, but must find 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Klamath Irr. Dist. v. United States*, 69 Fed. Cl. 160, 164 (Fed. Cl. 2005) (quoting *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir. 1978)). If a court makes the necessary determination and properly certifies judgment pursuant to Rule 54(b), the judgment is treated as a final judgment for all purposes and a timely notice of appeal invokes the mandatory jurisdiction of the court of appeals. Moore's Federal Practice §§ 54.26, 54.28[3][a] & [c] (3d ed. 2007).

## Argument

Defendant does not support the entry of final judgment in regard to Plaintiff's first cause of action with respect to the TPA system and IHS funding. Defendant does not believe the RCFC 54(b) standards have been met in this case, believes that allowing Plaintiff to further piecemeal the case has significant disadvantages, and considers an immediate appeal to be the least efficient means to proceed.

### A. The Court's Order of May 27, 2008 Does Not Completely Dispose of Separate, Individual Claims.

The Court's Order of May 27, 2008 does not completely dispose of separate, individual claims. Accordingly, it is not appropriate for the Court to enter a final judgment pursuant to

RCFC 54(b), on the Court's Order of May 27, 2008.

In *Curtis v. Wright Corp. v. General Elec. Corp.*, the Supreme Court explained that to be certified pursuant to Rule 54(b), an order "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Indeed, "courts analyzing whether Rule 54(b) applies must focus on the finality of the judgment and the separateness of the claims for relief." *Osage Tribe of Indians of Oklahoma v. United States*, 263 Fed. Appx. 43, 44 (Fed. Cir. 2007) (citing *W.L. Gore & Assocs. v. International Med. Prosthetics Research Assoc., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992)). Consequently, orders that resolve parts of a claim or individual issues within or pertaining to a claim do not meet the Rule 54(b) requirements for complete disposition of a separate claim. *Houston Industries, Inc. v. United States*, 78 F.3d 564, 567 (Fed. Cir. 1996) (the "resolution of individual issues within a claim does not satisfy the requirements of Rule 54(b)"); *Indiana Harbor Belt R. Co. v. American Cyanamid Co.*, 860 F.2d 1441, 1444 (7th Cir. 1988) (Rule 54(b) "does not cover a partial adjudication of a single claim, even if other claims are presented in the case") (citation omitted).

In this case, the Court's Order of May 27, 2008 does not completely dispose of separate, individual claims. The Court only ruled on "whether it has jurisdiction over [P]laintiff's first cause of action with respect to the TPA system and IHS funding." Ct's Order, 6. Here, the portions of Plaintiff's first claim for relief, which are not based on the TPA system and IHS funding, as well as Plaintiff's second claim for relief remain to be adjudicated. Due to the

significant legal and factual overlap between the dismissed portions of the case and the remaining claims, entry of final judgment is not appropriate in this case. *See Oklahoma Turnpike Authority v. Bruner*, 259 F. 3d 1236, 1243 (10th Cir. 2001) (claims disputing ownership of four separate tracts of land so intertwined by common legal theories, requested relief and defenses that entire class of claims must be adjudicated before Rule 54(b) certification can be made).

The relevant pleadings, including those filed by Plaintiff, show the interrelated nature of the issues that have already been decided in this case with those that remain. In its Second Amended Complaint, Plaintiff alleged that "all of the federal statutes providing federal funding for programs, services, and benefits for federally recognized tribes and their members, including those cited in Paragraph 30, together comprise a network of statutes defining a fundamental aspect of the federal government's trust responsibility to Tribes." Pl.'s Second Amd. Compl., ¶ 41 (emphasis added). Plaintiff also advanced this network theory throughout the briefing regarding the TPA system and IHS funding. Plaintiff now attempts to emphasize the separate statutory framework underlying its allegations. *See*, *e.g.*, Pl.'s Mot., 4 ("each of the other claims is also governed by a unique set of statutes and regulations, has its own legislative history, and has been, in large part, administered by different federal agencies"); *see also id.* at 8 and n.2. Plaintiff, however, shouldn't be permitted to recast its claims especially considering its previous heavy reliance on such network arguments.

Further, Plaintiff's earlier rationale for proceeding with limited briefing on the TPA and IHS portions of its claims highlight the overlap between all of the claims in this case and indicate

that immediate appellate review is not appropriate, at this time. For example, Plaintiff contended that briefing on these two issues would:

> 2) allow this Court to rule on the Tribe's basic legal theory, and on all of the broader legal issues that the government argues apply across the board, and 3) provide a sound foundation for a subsequent ruling (or, potentially, a settlement), on all the remaining claims (which would be briefed together).

Plaintiff's Response to Supp. Br., 3 ( Feb. 26, 2007). Further, Plaintiff proposed that the Court:

> organize the proceedings on the motion to dismiss into two phases. The first phase would proceed with briefing on the government's motion to dismiss the claims relating to the TPA and IHS programs. Following the Court's decision, the second phase would commence, with the parties first assessing whether settlement is possible, and if not <u>proceeding with discovery and briefing on the motion to dismiss with regard to all other claims.</u>

*Id*., 11 (emphasis added). Clearly, Plaintiff previously intended that, upon the adjudication of the TPA and IHS issues, the parties would proceed with the remaining claims before seeking any appeal.

Plaintiff's Motion fails to explain why this is no longer true or how the Court's Order of May 27, 2008, completely disposed of separate, individual claims. Plaintiff offers no explanation of its summary conclusion that "as the Court, in its April 3, 2007 Order, already determined that the TPA and IHS claims were severable for purposes of adjudicating the motion to dismiss, the same is true for purposes of entering a final judgment on those claims to allow for appellate review." Pl.'s Mot., 6. Moreover, Plaintiff, itself, seems to acknowledge that its TPA, IHS, and the remaining portions of its claims are interrelated, stating "[t]he Tribe's underlying legal theory for all of its claims is that Congress provided federal funding for the benefit of every federally recognized tribe." Pl.'s Mot., 1-2.

Because the Court's Order of May 27, 2008 resolved only "individual issues within a claim, " it "does not satisfy the requirements of Rule 54(b)." *Houston Industries, Inc.*, 78 F.3d at 567. Consequently, Plaintiff's Motion should be rejected.

**B. If Final Judgment is Entered Pursuant to RCFC 54(b), There Will be Substantial Risk of Inefficient Piecemeal Appeals.**

If a final judgment on the Court's Order of May 27, 2008 is entered, there will be substantial risk of inefficient piecemeal appeals.

Because "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims," courts must evaluate the "equities involved," and "must take into account judicial administrative interests . . . to assure that application of the Rule 'effectively preserves the historic policy against piecemeal appeals.'" *Curtis-Wright*, 446 U.S. at 8. Courts must consider "whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals" regarding yet unresolved matters. *Id*. "The Federal Circuit has emphasized that, under Rule 54(b), 'piecemeal appeals are inappropriate in cases that should be given unitary review.'" *Klamath Irr. Dist.*, 69 Fed. Cl. at 164 (quoting *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001)).

Furthermore, the risk of duplicative appellate review substantially increases where, as is the case here, there is significant overlap in the legal and factual issues in both the adjudicated and unadjudicated claims. *Oklahoma Turnpike Authority*, 259 F. 3d at 1242-43; *Ebrahimi v. City of Huntsville Board of Education*, 14 F.3d 162, 167 (11th Cir. 1997); *Adams v. United States*, 51 Fed. Cl. 57, 59 (Fed. Cl. 2001) (entry of Rule 54(b) judgment not warranted, in part, because

of factual overlap); Moore's Federal Practice, §§ 54.23[1][a] & n.12.

As noted above, significant overlap exists between the adjudicated TPA and IHS issues and Plaintiff's remaining claims. If Plaintiff is permitted to proceed with its desired appeal, the Federal Circuit Court of Appeals will have before it only a portion of this action. Thus, any order by the Federal Circuit will necessarily not be able to dispose of the entire action. On the other hand, if the Court were to resolve the remainder of this case now, it would provide the Federal Circuit Court of Appeals the opportunity to consider an appeal of the interrelated claims as a single efficient unit instead of portion of a case. Further, Plaintiff will be in a better position to decide whether it believes an appeal is an appropriate course of action after the entirety of this matter has been adjudicated.

Indeed, granting Plaintiff's RCFC 54(b) Motion would allow Plaintiff to further break apart its case and proceed on a piecemeal basis. Such an action significantly disadvantages Defendant, because Plaintiff is able to tailor each portion of its case to the Court's previous rulings. In addition, since (as demonstrated by Defendant's arguments above and its Motion to Dismiss) the legal issues with respect to all of Plaintiff's claims greatly overlap, Plaintiff's suggestion to permit further piecemealing of the case by way of a RCFC 54(b) Motion would result in significantly more effort and expense for both the parties and the Court. *See*, *e.g.*, *Marriott PLP Corp. v. Tuschman*, 904 F.Supp. 461, 468 n.7 (D. Md. 1995) (noting "the perils of deciding motions to dismiss piecemeal"). *See also Klamath Irr. Dist.*, 69 Fed. Cl. at 165 (finding that the court "would be hard-pressed to continue with any aspect of this case while the appeal under RCFC 54(b) was pending. In the interests of sound judicial administration, it again seems

wisest to proceed" with briefing "the resolution of which will either yield final judgments or perhaps better precipitate the need for an interlocutory appeal").

**C. Plaintiff's Allegations Regarding Discovery Do Not Preclude the Adjudication of the Remaining Interrelated Claims.**

Finally, it is important to note that Plaintiff's allegations regarding discovery do not preclude the adjudication of the remaining interrelated claims.[1/] Defendant's consistent position in this litigation has been that the question of whether a statute or regulation is money-mandating is a mater of law. Therefore, Defendant does not believe additional discovery is necessary for the parties to brief and for the Court to reach a decision on the remainder of this case. Previously, the Court granted limited discovery and the Defendant responded to Plaintiff's discovery requests. To resolve the ensuing discovery dispute, which Defendant considers baseless, Defendant has offered multiple ideas on how the Court could proceed with the case without the need for further burdensome discovery. *See* Joint Status Report, 6-10 (Jan. 8, 2007) and Def.'s Supp. Brief (Feb. 5, 2007).

In keeping with its earlier proposals, Defendant believes that Plaintiff's remaining claims can be resolved now in an efficient and timely manner without the need for further discovery. One idea, Defendant offered previously and which remains viable, would be for the Court to

---

[1/] Plaintiff's Motion again raises prior allegations that Defendant did not cooperate with its discovery requests, and therefore, Plaintiff retained its own experts. *See, e.g.*, Pl.'s Mot., 2, 5, 6, 8. As noted above, Defendant answered Plaintiff's discovery requests on October 19, 2006, and November 1, 2006. Plaintiff has not shown that Defendant failed to adequately fulfill such requests or acted in bad faith, and Plaintiff's continued suggestions in that regard should be rejected. Moreover, Defendant does not necessarily agree that any of the persons retained by Plaintiff are qualified to serve as experts in this matter.

assume, *arguendo*, that Plaintiff's allegations with respect to the remaining statutes and regulations in its Second Amended Complaint are true. Thus, the Court could assume for the purposes of Defendant's Motion to Dismiss that if a federally recognized Indian tribe properly applied and met a statutory or regulatory based program's requirements, the tribe would have received some amount of federal funding. *See* Def.'s Supp. Brief, 2-3.

The Court's ruling that some or all of the remaining statutes and regulations are not considered money mandating, even if the agency practice is to provide funds to all federally recognized Indian tribes, would either dispose of the entire case and clear the way for an appeal or, at least, narrow any remaining issues for additional briefing. Alternatively, if the Court found that some or all of the statutes and regulations could be money-mandating based on agency practice or interpretation, the parties would then submit briefs as to whether the agencies, in administrating the programs at issue, actually provided funding to all of the Indian tribes that applied. The Court could then assess whether proceeding with limited discovery is warranted. *Id*.

The Court's Order of May 27, 2008, also provides a legal framework for resolving Plaintiff's remaining claims without the need for additional discovery. Arguably, the Order, itself, renders further discovery to be non-beneficial and unnecessary. In its Order, the Court thoroughly analyzed Plaintiff's network allegations and identified the critical factors that must be examined in regard to such claims:

> In each of these cases, the courts found (1) express statutory and regulatory language supporting the existence of a fiduciary relationship. . . and (2) such elaborate or comprehensive government control over Indian property as to constitute a common-law trust.

Ct's Order, 16 (internally citing *White Mountain Apache Tribe,* 537 U.S. 465, 474-76 & n. 3 (2003); *United States v. Mitchell*, 463 U.S. 206, 224-25 (1983); *Navajo Nation v. United States,* 501 F.3d 1327, 1341-45 (Fed. Cir. 2007)). Clearly, Plaintiff's remaining claims can be adjudicated pursuant to this framework without the need for additional discovery.[2] The question of whether express statutory and regulatory language supporting the existence of a fiduciary relationship is present is a matter of law that can be decided on the pleadings. The question of trust property, however, has been resolved since "[P]laintiff concedes that this case does not involve trust property." Ct's Order, 18. Therefore, if the Court were to proceed with the adjudication of Plaintiff's remaining claims, it could do so under the framework of its Order of May 27, 2008, or use one of the ideas Defendant previously offered to avoid any dispute regarding discovery.

**Conclusion**

Based on the aforementioned reasons, Defendant opposes Plaintiff's Motion for Entry of Final Judgment regarding the Court's Order of May 27, 2008, and respectfully requests that the Court deny the Motion and set a schedule for further proceedings in this case.

---

[2] "Plaintiff [did] not contend that any of the statutes that comprise the TPA system or concern IHS funding are individually money-mandating." Ct.'s Order, 9 n.10 (citations omitted). If Plaintiff were to argue that any of the statutes and regulations underlying its remaining claims were individually money-mandating, such an argument would be a question of law that could be decided without further discovery.

DATED: August 8, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General

/s/ Sara E. Costello

Sara E. Costello, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0466 (tel.)
(202) 305-0267 (fax)
sara.costello@usdoj.gov

Overnight delivery:
PHB Mail Room 2121
601 D Street, N.W.
Washington D.C., 20004

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2008, I filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ON THE COURT'S ORDER OF MAY 27, 2008** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in this matter.

DATED this 8th day of August, 2008.

_/s/ Sara E. Costello_______
Sara E. Costello, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0466 (tel.)
(202) 305-0267 (fax)
sara.costello@usdoj.gov